Zachary PLEASANTON, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 646,2002.

Supreme Court of Delaware.

Submitted: Feb. 10, 2003.
Decided: Feb. 25, 2003.

Zachary Pleasanton, pro se.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, for appellee.

Before WALSH, HOLLAND, and BERGER, Justices.

HOLLAND, Justice.

The defendant-appellant, Zachary Pleasanton, was indicted in December 2000 on robbery and weapons charges. Ultimately, he pled guilty in December 2001 to one count of possession of a firearm during the commission of a felony (PFDCF). The Superior Court sentenced him to five years imprisonment, suspended after serving three years minimum mandatory for two years probation. Pleasanton filed a motion for correction of sentence, which the Superior Court denied. This appeal ensued.

Pleasanton contends that when he committed his crime in late 2000, a sentence for PFDCF could be reduced by good time under then-existing Delaware law. In July 2001, the General Assembly amended the PFDCF statute to prohibit the reduction of any PFDCF sentence by good time.[1] Pleasanton asserts that the retroactive application of the statutory amendment to his case violates the *ex post facto* clause of the federal Constitution because it increases the quantum of punishment attached to his offense by prohibiting the reduction of his sentence by good time.

The State agrees that the Superior Court's imposition of a minimum mandatory sentence, which prohibits Pleasanton's right to earn good time credits, violates the *ex post facto* clause under the circumstances of this case.[2] Accordingly, the State joins in Pleasanton's request that the judgment of the Superior Court denying the motion for correction of sentence be reversed.

Having carefully considered the parties' respective positions, we agree that the judgment of the Superior Court should be reversed and this matter remanded for correction of Pleasanton's sentence. The legislative enactment prohibiting the award of good time for a PFDCF sentence specifically provided that any case in progress at the time of the law's enactment would be subject to the prior law, which permitted the award of good time.[3] Pleasanton was indicted in December 2000. His case thus was "in progress" at the time of the law's enactment in July 2001. Accordingly, we find the Superior Court's

---

1. *See* DEL. CODE ANN. tit. 11, § 1447A(d) (eff. July 9, 2001).

2. *See Weaver v. Graham*, 450 U.S. 24, 33, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (holding that the retroactive application of a statute limiting available good time credits was *ex post facto* because its effect was to increase the "quantum of punishment" attached to the defendant's offense).

3. *See* 70 Del. Laws c. 596, § 9 (2001), which provides:

  Any action, case, prosecution, trial or other legal proceeding in progress at the time of the enactment into law of the provisions of this act, no matter the stage of the proceeding, shall be preserved and shall not become illegal or terminated upon the effective date of this act. The prior law shall remain in full force and effect as to all such proceedings in progress at the time of enactment of this act.

denial of Pleasanton's motion for correction of sentence to be erroneous.

The judgment of the Superior Court is reversed. This matter is remanded to the Superior Court for correction of Pleasanton's sentence in accordance with this Opinion.