IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NORMAN INGRAM, | § | |
| | § | No. 319, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | the State of Delaware in and for |
| v. | § | Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0305008270 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 25, 2014
Decided: December 9, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 9th day of December 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm filed under Supreme Court Rule 25(a),[1] and the Superior Court record, it appears to the Court that:

(1) The appellant, Norman Ingram filed this appeal from the Superior Court's May 25, 2014 denial of his motion for reduction or correction of sentence under Superior Court Criminal Rule 35 (hereinafter "Rule 35"). The appellee, State of Delaware, has filed a motion to affirm the Superior Court judgment on the

---

[1] The Court has not considered the appellant's letter dated October 3, 2014, responding to the appellee's motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless it is requested by the Court.

ground that it is manifest on the face of Ingram's opening brief that the appeal is without merit. We agree and affirm.

(2) Following his arrest on May 12, 2003, Ingram was indicted on July 7, 2003 on several drug charges, including Possession with Intent to Deliver Cocaine ("PWID") under 16 Del. C. § 4751 ("Section 4751"). After a bench trial on December 3, 2003, Ingram was convicted, in part, of PWID and was immediately sentenced. Because Ingram had a prior drug conviction under Section 4751, he was sentenced for PWID to thirty years at Level V suspended after fifteen years minimum mandatory under 16 Del. C. § 4763(a)(3) (hereinafter "Section 4763").

(3) On September 16, 2013, Ingram filed a motion under Rule 35 seeking a correction of the sentence imposed for PWID. Ingram argued that, at the time of his indictment on July 7, 2003, Section 4763 had been amended by House Bill 210, which reduced the minimum mandatory prison term for a second or subsequent conviction under Section 4751.[2] By order dated May 25, 2014, the Superior Court denied the Rule 35 motion, ruling that Ingram "was charged and sentenced under the law in effect at the time of the offense." This appeal followed.

(4) On appeal, Ingram continues to argue that he is entitled to a resentencing under Section 4763, as amended, because he was indicted on July 7, 2003, after the June 30, 2003 effective date of House Bill 210. Ingram relies on

---

[2] *See* House Bill 210, 74 Del. Laws, ch. 106, (eff. June 30, 2003). In 2011, 16 Del. C. § 4763 (2003) was repealed by 78 Del. Laws, ch. 13, effective Sept 1, 2011.

our decision in *Pleasanton v. State* to support his argument that he should be resentenced under House Bill 210.[3]

(5)   Having carefully considered the parties' positions on appeal, we agree with the Superior Court that Ingram was properly sentenced under the version of Section 4763 that that existed at the time of his crime on May 12, 2003, prior to the June 30, 2003 effective date of House Bill 210.[4]  In *Pleasanton v. State*, we held that a statute prohibiting good time did not apply to a defendant who was indicted before the effective date of the statute.[5]  Our decision in *Pleasanton* does not suggest that the date of indictment is the controlling date for determining the applicable law in Ingram's case.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[3] *Pleasonton v. State*, 817 A.2d 791 (Del. 2003).

[4] *See State v. Ismaaeel*, 840 A.2d 644, 651-52 (Del. Super. 2004), *aff'd*, 2004 WL 1587040 (Del. June 25, 2004); *Seeney v. State*, 2004 WL 2297394 (Del. Oct. 7, 2004); *Lopez v. State*, 2014 WL 4898213 (Del. Sept. 29, 2014).

[5] *Pleasanton v. State*, 817 A.2d 791, 792 (Del. 2003).